UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:09-cr-00177-EJD-1 |
| Respondent, | )<br>) | **ORDER GRANTING** |
| v. | )<br>) | **GOVERNMENT'S MOTION TO DISMISS** |
| XUNMEI GRACE LI, | )<br>) | |
| Petitioner. | )<br>)<br>) | **[Re: Docket No. 102, 115]** |

## I. Background

On August 14, 2009, Xunmei Grace Li ("Petitioner") pled guilty to one count of knowingly making false statements in connection with a naturalization application, in violation of 18 U.S.C. § 1015(a). See Docket Item Nos. 37, 38. The charge against Petitioner was based on answers to five questions on a written naturalization form, which addressed marriage history and child birth. See Docket Item No. 1. The government alleged the following false statements: (1) Petitioner answered

1

Case No.: 5:09-cr-00177-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS

a question asking for her "current marital status" by checking the box for "divorced," concealing her marriage to Mr. Gang Chen; (2) Petitioner omitted her employment at U.S. Investment Security group on a question soliciting her five-year employment history; (3) Petitioner responded to a question asking how many times she had been married (including annulled marriages) by writing the number "1," when the she had been married twice, including the marriage to Mr. Chen; (4) Petitioner checked the box for "No" to a question asking if she had "been married to more than one person at the same time," when she had been married to both Mr. Chen and another man at the same time; and (5) Petitioner left the form blank next to a question asking how many sons and daughters she had, when she had two children fathered by Mr. Chen. See Docket Item No. 1. The government alleged Petitioner married Mr. Chen in 2002 in California, while already married to a Mr. Antony Bambrough, and that Petitioner and Mr. Chen never divorced or otherwise annulled their marriage before she completed her naturalization form. Id. Defendant was thereafter sentenced to five years of probation and imposed a fine of $5,000. See Docket Item No. 56. Judgment was entered accordingly on January 7, 2010. See Docket Item No. 57. Petitioner did not appeal her sentence.

On January 30, 2013, Petitioner moved pursuant to 28 U.S.C. § 2255 to vacate her guilty plea or, alternatively, to permit discovery and an evidentiary hearing to reconsider the judgment on the grounds that she had received ineffective assistance of counsel. See Docket Item No. 102. Petitioner alleges her guilty plea was not made knowingly and voluntarily because she relied on advice from counsel that contained two significant errors. Id. First, Petitioner alleges counsel did not advise her of "literal truth" as an affirmative defense to her charge. Second, Petitioner alleges counsel advised her that, though it was technically possible, deportation was not likely. Id. Petitioner claims, had her counsel not made these errors, she would have taken her case to trial. Id.

On June 10, 2013, the government filed the instant motion to dismiss, alleging petitioner's motion is barred by the one-year statute of limitation under 28 U.S.C. § 2255(f). See Docket Item No. 115. On July 17, 2013, Petitioner filed an opposition to dismiss, and the government replied on August 9, 2013. See Docket Item Nos. 118, 121.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a sentence by demonstrating (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without justification to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitation for all motions brought under that statute. That section provides "[t]he limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

## III. Discussion

In its motion to dismiss, the government argues Petitioner's motion is barred by the statute of limitations because a timely petition under 28 U.S.C. § 2255(f)(1) could not have been filed later than January 22, 2011—one year after Petitioner's conviction became final. See United States v. Schwartz, 274 F.3d 1220, 1223 n. 1 (9th Cir. 2001) (a judgment becomes final upon expiration of the appeal period); Fed. R. App. Proc. 4(b) (Defendant has fourteen days from judgment to file

3

Case No.: 5:09-cr-00177-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS

appeal). Since Petitioner did not file her motion until January 30, 2013, it is untimely on its face under Section 2255(f)(1).

However, Petitioner argues the statute of limitations was tolled under Section 2255(f)(4) because the facts supporting her claim were undiscoverable until June of 2012. First, Petitioner argues she did not learn that her bigamous marriage was void as a result of its illegality. Since her bigamous marriage was void, she argues, she may have brought the affirmative defense of literal truth during her prosecution. Petitioner argues the revelation of a possible defense that went unnoticed by her attorney was a discovery of fact. Second, Petitioner argues the government's decision to bring deportation efforts against her also constitutes a discovery of fact supporting her claim of ineffective assistance of counsel. Both realizations, Petitioner argues, could not have been previously discovered through the exercise of due diligence.

The Ninth Circuit has distinguished discovered factual predicate from learned legal significance in timeliness of habeas corpus petitions. In <u>Hasan v. Galaza</u>, 254 F.3d 1150 (9th Cir. 2001), the court instructed, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." <u>Id.</u> at 1154 n. 3 (quoting <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000) (internal quotation marks omitted)). In <u>Hasan</u>, the court allowed tolling based on the discovery of a romantic relationship between a juror and a key witness. <u>Hasan</u>, 254 F.3d at 1154. The fact that the relationship existed caused the petitioner to believe his attorney was ineffective in neglecting to investigate jury tampering. <u>Id.</u>

In contrast, the Seventh Circuit recognized, in <u>Owens</u>, a scenario where the defendant merely discovered a legal significance, while the actual facts remained the same. <u>See</u> <u>Owens</u>, 235 F.3d at 359-60. There, the defendant learned after his conviction that his counsel did not raise his best possible affirmative defense to the alleged crime. <u>Id.</u> at 359. The court found the defendant's newly discovered ineffectiveness was only the recognition of legal significance and not the discovery of a new factual predicate. <u>Id.</u> at 359-60. Since the defendant did not actually discover new facts, the statute of limitations was not tolled. <u>Id.</u> at 360.

4

Case No.: 5:09-cr-00177-EJD-1
ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS

Here, both Petitioner's arguments only allege newly discovered legal significance, thus Section 2255(f)(4) does not apply. First, the discovery that Petitioner's marriage to Mr. Chen may have been void under California did not law require any new facts. From the time of her final judgment, or before, Petitioner knew she did not file for divorce from her previous marriage and that she participated in marriage ceremony with Mr. Chen. Petitioner merely discovered later that, from a legal standpoint, the marriage to Mr. Chen may have been void under California law. The possible invalidity of marriage is only of legal significance because it concerns only the known facts and their relationship to California law. Similarly, the alleged misadvice from her counsel regarding deportation is only of legal significance. Petitioner was aware of the fact that her plea agreement stated that the government may bring deportation proceedings. She had knowledge of the fact that her attorney advised her that deportation proceedings were unlikely. These principal facts underlying the ineffective-assistance claim did not change. The only change was her discovery of her attorney's alleged ineffectiveness at the time of the plea, which is merely the legal significance of the facts already known.

Since the Petitioner did not learn of any new facts, 28 U.S.C. § 2255(f)(4) does not apply and, much like in Owens, the statute of limitations was not tolled. The petition is therefore untimely because it was filed more than two years after final judgment. Since the motion to dismiss is granted, the Court does not reach the substance of the ineffective assistance of counsel claim.

### IV.  Conclusion

The Court finds the petition for habeas corpus is barred by the statute of limitations. For the foregoing reasons, the government's motion to dismiss (Docket Item No. 115) is GRANTED. Petitioner's motion pursuant to 28 U.S.C. § 2255 (Docket Item No. 102) is DISMISSED.

**IT IS SO ORDERED**

Dated: November 21, 2013

EDWARD J. DAVILA
United States District Judge